IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR01-0067-LRR |
| | No. C05-0081-LRR |
| vs. | |
| | ORDER |
| WADE WILSON, JR., | |
| Defendant. | |

This matter comes before the court on the defendant's motion to vacate, set aside or correct his sentence (Docket No. 179). The defendant's motion was filed pursuant to 28 U.S.C. § 2255.[1] For the following reasons, the defendant's 28 U.S.C. § 2255 motion shall be denied.[2] In addition, a certificate of appealability shall be denied.

---

[1] If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. *See also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

[2] No response from the government is required because the motion and file make clear that the defendant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See id*. *See also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the
(continued...)

## I.  BACKGROUND

On November 28, 2001, the grand jury returned and the government filed a three-count indictment against the defendant.  On April 15, 2002, the grand jury returned and the government filed a four-count superseding indictment against the defendant.  On June 7, 2002, the grand jury returned and the government filed a six-count second superseding indictment against the defendant.  On February 12, 2003, the defendant's jury trial commenced.  On February 13, 2003, the court declared a mistrial.  On February 14, 2003, the defendant entered a plea of guilty to count six of the second superseding indictment.[3] On September 30, 2003, the court sentenced the defendant to 204 months imprisonment and 5 years supervised release.  On the same day, judgment entered against the defendant. The defendant did not file a direct appeal.

On September 30, 2004, the government filed a motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.  On January 27, 2005, the court held a hearing regarding such motion.  Pursuant to such hearing and motion, the court reduced the defendant's sentence to a term of 133 months imprisonment.  On the same day, amended judgment entered against the defendant.

On August 3, 2005, the defendant filed the instant motion.  In his 28 U.S.C. § 2255 motion, the defendant challenges his conviction and resulting sentence based on alleged

---

(...continued)
[movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

[3] The conduct charged in count six of the second superseding indictment is in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(e)(1).

violations of the United States Constitution. Specifically, the defendant claims trial counsel provided ineffective assistance of counsel during plea negotiations and sentencing. With respect to the latter claim, the defendant argues that he received unlawful enhancements based on his prior conviction.[4]

The court now turns to consider the defendant's motion pursuant to 28 U.S.C. § 2255.

## II. ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) his sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S.

---

[4] The court notes the defendant raised the same claim, that is, a claim regarding his sentencing enhancements, in the pleading he submitted on May 3, 2005. With respect to such claim, the defendant discussed whether the Supreme Court's decision in *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and related cases retroactively applied to his sentence. Here, the defendant apparently elected not to rely on *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), or any of the related cases. Nonetheless, the court deems it appropriate to briefly address the defendant's prior reliance on *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), in the section regarding the timeliness of the instant motion.

178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428. *See also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, defendants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). *See also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("The general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [defendant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546,

4

115 L. Ed. 2d 640 (1991) (emphasis in original). If a defendant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24. *See also McNeal*, 249 F.3d at 749 ("[A] defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[5]

### C. Timeliness Under the AEDPA and 28 U.S.C. § 2255.

The AEDPA contains a one year period of limitation during which a 28 U.S.C. § 2255 motion must be filed.[6] The statute of limitations begins to run from the latest of four

---

[5] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1997); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

[6] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of

(continued...)

circumstances. The first of these circumstances is the date on which the judgment of conviction became final. Here, the defendant's conviction became "final" on October 14, 2003–the last day he could have filed an appeal with the Eighth Circuit Court of Appeals.[7] *See* Fed. R. App. P. 4(b)(1)(A) (indicating a defendant in a criminal case has ten days to file a notice of appeal); Fed. R. App. P. 26(a) (indicating it is appropriate when computing to exclude intermediate Saturdays, Sundays and legal holidays). *See also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."). *Cf. Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed.

---

(...continued)
        due diligence.

28 U.S.C. § 2255.

[7] The defendant believes the one year period of limitation began to run on January 27, 2005, that is, the date amended judgment entered as a result of the defendant's sentence being reduced pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The defendant is mistaken. The decision to grant the government's motion under Rule 35(b) of the Federal Rules of Criminal Procedure had no effect on the one year period of limitation which is applicable to motions filed under 28 U.S.C. § 2255. *See O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998) (stating "post-judgment motions (such as those under Rules 32, 33 and 35) do not suspend the [one year period of limitation contained in 28 U.S.C. § 2255]"). *See also United States v. Peltier*, 312 F.3d 938, 942-43 (concluding limitation periods contained in Rule 35(b) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 2255 bars defendant's motion for relief); *Johnson v. United States*, 246 F.3d 655, 659-60 (6th Cir. 2001) (acknowledging tension created by different limitation periods contained in Rule 33 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 2255). *Cf. United States v. Kirk*, 761 F.2d 463, 464-65 (8th Cir. 1985) (addressing when limitations period begins for purposes of filing motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure). Consequently, October 14, 2003 is the correct date.

2d 88 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The defendant did not file his 28 U.S.C. § 2255 motion until August 3, 2005, which is well beyond the last day it properly could have been filed.[8]

Further, the defendant's situation does not fall under any of the remaining three timeliness provisions set forth in 28 U.S.C. § 2255. Given *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the only timeliness provision that might be available to the defendant is the third timeliness provision, that is, the one where a "right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. Nonetheless, on July 7, 2005, the Eighth Circuit Court of Appeals determined "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses a Shot v. United States*, 413 F.3d 781, ___ (8th Cir. 2005). Consequently, any reliance on *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), is unavailing for purposes of filing under the third timeliness provision which is contained in 28 U.S.C. § 2255.

The 1-year period of limitation for filing a 28 U.S.C. § 2255 motion is a statute of limitation, not a jurisdictional bar, and, thus, subject to equitable tolling. *Moore v. United*

---

[8] The court notes the defendant essentially filed a 28 U.S.C. 2255 motion on May 3, 2005. The defendant, however, elected to withdraw that motion. For purposes of the instant motion, the court relies on August 3, 2005 as the date the defendant filed the instant motion. Even if the court were to rely on May 3, 2005 the result is the same, that is, the defendant's 28 U.S.C. § 2255 motion is untimely.

*States*, 173 F.3d 1131, 1134 (8th Cir. 1999). However, equitable tolling only applies when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999). *See also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (addressing 28 U.S.C. §2254 petition) (stating a defendant's unfamiliarity with federal law is not a ground for equitable tolling). The defendant does not offer any valid excuse for failing to timely file his 28 U.S.C. § 2255 motion.[9] Therefore, the court finds the defendant's situation does not fall within the limitation period allowed by 28 U.S.C. § 2255.

In sum, all of the claims the defendant asserts could have been asserted before a judgment of conviction was entered, on direct appeal or in a timely 28 U.S.C. § 2255 motion. "'The one year period provided him with reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute.'" *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000)

---

[9] With respect to the reduction of sentence and the amended judgment that followed, equitable tolling is unavailable to the defendant. *See Nolan v. United States*, 358 F.3d 480, 484-85 (7th Cir. 2004) (citing *O'Connor*, 133 F.3d at 551, for the proposition that "the one-year statute of limitations for [28 U.S.C.] § 2255 motions under AEDPA is not tolled pending resolution of any other post-trial motions that aim to upset a defendant's conviction"); *Jones v. United States*, 304 F.3d 1035, 1040-42 (11th Cir. 2002) (addressing equitable tolling argument and citing other circuits which have held that pending motions for a new trial based on newly discovered evidence under Rule 33 of the Federal Rules of Criminal Procedure will not toll the one year limitation period for a 28 U.S.C. § 2255 motion); *Trenkler v. United States*, 268 F.3d 16, 22-26 (1st Cir. 2001) (stating "the fact that a statute of limitations creates certain inefficiencies or inconveniences hardly qualifies as an 'extraordinary circumstance' that 'prevents' a litigant from complying with the strictures of the applicable limitations period"); *United States v. Prescott*, 221 F.3d 686, 688-89 (4th Cir. 2000) (concluding defendant's "current predicament originated not in his decision to request a new trial pursuant to Rule 33 [of the Federal Rules of Criminal Procedure], but his inattention to the limitation period of [28 U.S.C.] § 2255").

(quoting *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)). Although this is a harsh rule, it is the law. Accordingly, the defendant's 28 U.S.C. § 2255 motion shall be denied.

### D. Certificate of Appealability

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). *See also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v.*

9

*McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [defendant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds the defendant failed to make the requisite "substantial showing" with respect to all of the claims he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present questions of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the defendant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:
1) The defendant's 28 U.S.C. § 2255 motion (Docket No. 179) is DENIED.
2) A certificate of appealability is denied.
**DATED** this 31st day of August, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA